IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KULAHIN RUSLAN YURIIOVYCH, Odesa, Ukraine,<br><br>Plaintiff-Petitioner,<br><br>vs.<br><br>KULAHINA ZHANNA HRYHORIVNA, Bozeman, Gallatin County, Montana, United States<br><br>Defendant-Respondent. | CV 24–78–BU–DLC<br><br>ORDER |

Plaintiff-Petitioner Kulahin Ruslan Yuriiovych has filed a Verified Complaint and Petition for return of his child pursuant to the Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001, et seq. (Doc. 1.) Plaintiff-Petitioner alleges that Defendant-Respondent wrongfully removed his three-year-old child to Montana, without his consent or acquiescence, and has retained his child in Montana since August 27, 2023, despite Plaintiff-Petitioner's efforts to have his child returned to the Ukraine. (*Id.* ¶¶ 28–32.)

Plaintiff-Petitioner has also filed a motion for expedited hearing (Doc. 5) and a motion for a temporary restraining order ("TRO") (Doc. 6). Plaintiff-Petitioner explains that "he recognizes that this Court's action on the motion [for

1

expedited hearing] first require[s] service on Zhanna." (Doc. 7 at 9.) While the Court intends to give this matter expedited consideration, *see* Convention, art. 11; *Holder v. Holder*, 392 F.3d 1009, 1022–23 (9th Cir. 2004), the case cannot proceed until Defendant-Respondent is served in accordance with 22 U.S.C. § 9003(c). Once Plaintiff-Petitioner provides proof of service on Defendant-Respondent, the Court will issue an expedited scheduling order in this matter. Accordingly, the motion for expedited hearing (Doc. 5) is DENIED WITHOUT PREJUDICE.

The Court also denies the motion for a TRO. Federal Rule of Civil Procedure 65 provides the procedure for the issuance of a preliminary injunction or restraining order. The standards for granting a request for a temporary restraining order and a preliminary injunction are "substantially identical." *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a temporary restraining order or preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the Court finds that Plaintiff-Petitioner has not shown a likelihood of irreparable harm in the absence of a TRO, the Court foregoes analysis

of the other elements at this time.  *See DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011) (explaining that all four elements must be met).

Plaintiff-Petitioner argues that the Court should issue a TRO because Defendant-Respondent "has already caused irreparable harm in kidnapping [the child] and retaining her in the United States, [and] affording her another opportunity to do this again would irreparably injure" Plaintiff-Petitioner.  (Doc. 7 at 28.)  According to Plaintiff-Petitioner, Defendant-Respondent moved to Montana to live near family and continues to live near family.  (*Id.* at 29.)  Plaintiff-Petitioner argues that Defendant-Respondent's indication that she intends to leave Montana at some unknown point in time is sufficient to establish a likelihood of irreparable harm.  (*Id.*)  The Court has reviewed the communications from Defendant-Respondent, specifically, the text message where she states that "[a]fter some time, we will move to a completely different state."  The Court finds that, while it is a close call, this single text message—that appears to be sent in November 2023—does not warrant the issuance of a TRO.  *Compare with Application of McCullough on Behalf of McCullough*, 4 F. Supp. 2d 411, 413 (W.D. PA. 1998) (granting TRO application where applicant understood respondent's statement that "end time" was near to mean she was ready to flee to a different country).  Moreover, even if the Court were inclined to grant the requested relief, it is not clear that the issuance of a TRO would have any practical

3

effect because Defendant-Respondent is not currently aware of these proceedings and TROs ordinarily must expire within 14 days of issuance. *See* Fed. R. Civ. P. 65(b)(2)

Accordingly, IT IS ORDERED that Plaintiff-Petitioner's for motion for expedited hearing (Doc. 5) and motion for a temporary restraining order (Doc. 6) are DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff-Petitioner shall serve Defendant-Respondent in accordance with 22 U.S.C. § 9003(c) by August 23, 2024, and file an accompanying Proof of Service within four days of effectuating service. Once the Court has received notice of proper service, the Court will set a case management conference and issue an expedited schedule.

DATED this 15th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court