IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KULAHIN RUSLAN YURIIOVYCH, | CV 24–78–BU–DWM |
| Petitioner, | |
| vs. | ORDER |
| KULAHINA ZHANNA HRYHORIVNA, | |
| Respondent. | |

On December 4, 2024, Petitioner filed a motion in limine asking the Court to limit Respondent's ability to present cumulative testimony on the security situation in Odesa, Ukraine or Ukraine generally. (Doc. 33.) In an attempt to resolve the issues identified in the motion, the parties initially stipulated to Respondent's withdrawal of two witnesses, Kateryna Zahorodnia and Maria Petruk. (Doc. 35.) However, Respondent then sought to add two additional witnesses, Gregory Tverdvosky and Kateryna Boiko to testify on the safety and security of Odesa, Ukraine and Chernivtsi, Ukraine, respectively. (*Id.*) Petitioner objects to the additional witnesses and "reaffirms his motion in limine." (Doc. 39 at 5.) In response, Respondent filed a brief addressing the motion in limine, (Doc. 41), and a motion for leave to present the testimony of only Kateryna Boiko, (Doc. 40).

1

IT IS ORDERED that Petitioner's motion in limine (Doc. 33) is DENIED subject to specific objection during the evidentiary hearing. The Court will assess whether the testimony or evidence presented by either party is cumulative at that time.

IT IS FURTHER ORDERED that Respondent's request for leave to call Kateryna Boiko (Doc. 40) is GRANTED. Under the Hague Convention, this Court is tasked with determining whether an order of return would pose a "grave risk" to K.M.R, considering ameliorative measures. Convention, art. 13(b). Relevant to such determination is whether alternative return to Chernivtsi, Ukraine may be appropriate. Given the abbreviated deadlines in the case, the expedited nature of this proceeding, and the absence of prejudice to Petitioner, exclusion of testimony as to this central issue is not warranted. *See* Fed. R. Civ. P. 37(c)(1). While Respondent does not so request, Boiko is permitted to appear via Zoom if necessary, subject to the conditions outlined in the December 3, 2024 Order, (Doc. 30). It is also recommended that Respondent consider both this ruling and the provisions of 22 U.S.C. § 9005 in determining whether she intends to persist in her objections to Petitioner's exhibits. (*See* Doc. 37.)

DATED this 9th day of December, 2024.

Donald W. Molloy, District Judge
United States District Court