IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KULAHIN RUSLAN YURIIOVYCH,<br><br>              Petitioner,<br><br>vs.<br><br>KULAHINA ZHANNA HRYHORIVNA,<br><br>              Respondent. | CV 24–78–BU–DWM<br><br>ORDER |

On December 23, 2024, this Court granted Petitioner Ruslan Yuriiovych's request for return of minor child K.M.R., (Doc. 63), and on January 8, 2025, judgment was entered in favor of Petitioner ordering K.M.R. returned to the sovereign nation of Ukraine pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 et. seq. (Docs 70, 71; *see also* Doc. 63.) Respondent Kulahina Zhanna Hryhorivna has appealed that decision to the Ninth Circuit Court of Appeals, (Doc. 75), and now seeks a stay of that judgment pending appeal, (Doc. 76); *see* Fed. R. App. P. 8(a)(1)(A). Petitioner

1

opposes and requests the Court issue an order allowing an appropriate deadline for submission of his response to the motion for stay. (Doc. 77.) For the reasons stated below, Respondent's motion is granted, and Petitioner's motion is denied.

"A stay is not a matter of right. . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Virginia Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. Four factors come into play: (1) "whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits" of the appeal; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Id.* at 434; *see Chafin v. Chafin*, 568 U.S. 165, 179 (2013) (directing courts to apply the four *Nken* factors in Hague Convention cases). The first two factors are the "most critical." *Nken*, 556 U.S. at 434. Nevertheless, the chance of success on the merits must be "better than negligible," and a showing of irreparable injury requires more than the mere "possibility of irreparable injury." *Id.* Ultimately, these factors support a stay here.

First, the situation on the ground in Ukraine is dynamic. While Chernivtsi does not currently pose a grave danger to K.M.R. as contemplated under Article 13 of the Hague Convention, that decision was a close call and one subject to changing circumstances. As reflected in the December 23, 2024 Order, courts around the world have struggled to apply Article 13 to the situation in Ukraine with varied outcomes. (*See* Doc. 63 at 17–20.)

Second, has Respondent shown irreparable injury? The uncertainty surrounding the war makes this a unique case. Additionally, the trial record shows that if Respondent and K.M.R. leave the United States, they will likely lose their current immigration status under the Uniting for Ukraine Program and would have to reapply before being readmitted into the United States. (*See* Doc. 63 at 32.)

Third, staying the return order so that Respondent may pursue an expedited appeal will not substantially alter the status quo with Petitioner. Although Petitioner has a right of access to his child pending a custody determination and return under the Convention is generally required to be completed without delay, there are sufficient substantive issues in the case that a limited delay to adjudicate an appeal will satisfy the rights of the Contracting States, the parties, and the Child. *See Chafin*, 568 U.S. at 178–79 (counseling against "routine stays" in Hague cases but recognizing the case-by-case nature of the analysis). A limited delay to allow

3

an expedited appeal of these important issues serves the public interest. Accordingly, the *Nken* factors arguably support a stay in this case.

Lastly, Petitioner's request that the Court set an appropriate deadline for submission of a response in opposition to the motion for stay is denied because the Hague Convention instructs the "use [of] the most expeditious procedures available." Hague Convention, art. 2; *see Chafin*, 568 U.S. at 179 ("Importantly, whether at the district or appellate court level, courts can and should take steps to decide these cases as expeditiously as possible.").

Based on the foregoing, IT IS ORDERED that Respondent's motion to stay (Doc. 76) is GRANTED. Execution of the return order and judgment (Docs. 63, 70, 71) is STAYED pending the resolution of an appeal in this case. Respondent must notify this Court within seven (7) days of any voluntary dismissal or dispositive ruling by the Ninth Circuit.

IT IS FURTHER ORDERED that Petitioner's request (Doc. 77) is DENIED.

DATED this 15 day of January, 2025.

13:44 P.M.

Donald W. Molloy, District Judge
United States District Court