IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| KULAHIN RUSLAN YURIIOVYCH,<br><br>　　　　Petitioner,<br><br>vs.<br><br>KULAHINA ZHANNA HRYHORIVNA,<br><br>　　　　Respondent. | CV 24–78–BU–DWM<br><br>ORDER |

On December 23, 2024, this Court granted Petitioner Ruslan Yuriiovych's request for return of minor child K.M.R., (Doc. 63), and on January 8, 2025, judgment was entered in favor of Petitioner ordering K.M.R. returned to the sovereign nation of Ukraine pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act, 22 U.S.C. §§ 9001 et. seq. (Docs. 70, 71; *see also* Doc. 63.) Pursuant to the implementing statutes for the Hague Convention, "[a]ny court ordering return of a child . . . shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner . . . unless the respondent establishes that such order would be clearly inappropriate." 22 U.S.C. § 9007(b)(3). On February 12, 2025, it was determined that Respondent failed to

1

show that a fee award was "clearly inappropriate" under the facts of this case. (Doc. 87.) Respondent was given an opportunity to challenge the expenses requested by Petitioner, which are $135,269.65 in fees and $7,828.86 in costs. (*See id.* at 6; Doc. 82.) Respondent did not do so. As a result, while the fee award has been considered in light of the applicable law and prevailing rates in the community, Respondent's failure to respond is deemed an admission that the amount requested is reasonable.

Ultimately, attorney fees are awarded in the amount of $82,235.00 and costs are awarded in the amount of $6,601.84.

I.   **Fees**

After establishing that a plaintiff is entitled to attorney fees, a court must calculate a reasonable fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To determine a reasonable amount, courts generally calculate a "lodestar" by multiplying "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* at 433. This lodestar figure is then reviewed against twelve criteria known as the "*Kerr* factors," which include:

   (1) the time and labor required,
   (2) the novelty and difficulty of the questions involved,
   (3) the skill requisite to perform the legal service property,
   (4) the preclusion of other employment,
   (5) the customary fee,
   (6) [omitted]
   (7) time limitations imposed by the client or circumstances,
   (8) the amount involved and the results obtained,

    (9) the experience, reputation, and ability of the attorneys,
    (10) the 'undesirability' of the case,
    (11) the nature and length of the processional relationship with the client, and
    (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *as modified by City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) (deeming irrelevant the sixth factor of whether the fee is fixed or contingent). However, the *Kerr* factors only warrant a departure from the lodestar figure in "rare and exceptional circumstances." *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)).

## A. Rate

In determining a reasonable rate, courts should consider both the "experience, skill[,] and reputation of the attorney requesting fees," *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996), and "the prevailing market rates in the relevant community," *Blum v. Stevenson*, 465 U.S. 886, 895 (1984). The relevant community is typically the community in which the district court sits. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). Here, Petitioner's stated rates are $425/hour for lead attorney John Cutler and $289/hour for co-counsel Leah Trahan. (*See* Doc. 82-1 at 3–4.) Petitioner has also identified associate counsel at the firm that worked on the case but did not appear as William

Casey ($318.75/hour), Mathew Bain ($289/hour), McKenna Ford ($289/hour). Petitioner indicates that these rates have been discounted for the present case. For the paralegals that worked on the case, the stated hourly rates are $165 for Angie Fortney and $155 for Kenna Burgie.

Petitioner bears the burden of "produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 895 n.11. Based on the information presented and prevailing rates in the District of Montana, a reduction in Petitioner's requested hourly rates is warranted.

Petitioner has submitted a declaration from lead counsel Cutler outlining the history and experience of each of the attorneys and staff members involved in the case and two prior fee awards in Hague cases, a 2010 District of Montana decision, *Cuellar v. Joyce*, 2:08-cv-84-RFC, and a 2023 District of Idaho decision, *Mares-Orozco v. Guzman*, 2:23-cv-26-DCN. In *Cuellar*, this Court found that the requested rates of $225 to $300 were appropriate. More recently, in *Mares-Orozco*, Chief Judge Nye of the District of Idaho determined that fees in excess of $400 may be appropriate for work in federal court. However, both decisions have some limitation. First, *Cuellar* is 15 years old, making its rate information stale. Second, *Mares-Orozco* is an out-of-district case. While such cases can be

4

considered in determining a reasonable rate, the legal market for the federal court in Boise, Idaho is different from the one in any of the larger cities in Montana. Moreover, the "prevailing market rate for attorneys of comparable experience, skill and reputation . . . may or may not be the rate charged the individual attorney in question." *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006).

Additionally, the specific practice experience of the attorneys involved in this case must be considered. While Cutler has shown a specialization in litigating Hague cases, he has less than 10 years of practice experience and less than 5 years of experience with Hague cases (though he is undisputably building the experience and reputation to be a singularity in this type of representation in Idaho and Montana). And almost all the associates on the case have less than 3 years of practice experience. Recent attorney fee awards in this District indicate that experienced lead counsel may be entitled to charge $300 for his time while newer associates are entitled to a rate more consistent with $180. *See Victory Processing, LLC v. Knudsen*, 2021 WL 587905, at *4 (D. Mont. Feb. 16, 2021) (approving $350/hour for an attorney with 25 years of experience, $300/hour for an attorney with 15 years of experience, and $250/hour for an attorney with 6 years of experience); *see also Crow Indian Tribe v. United States*, 2021 WL 3142155, at *11 (D. Mont. July 26, 2021) (awarding environmental attorney with over 20 years of experience $330/hour); *Brown v. Jacobsen*, 2022 WL 2452230, at *7 (D. Mont.

July 6, 2022) (awarding fees from $180/hour to $233/hour for attorneys with varied clerkship and litigation experience involved in a complex constitutional case); *see Staton v. City & Cnty. of Butte-Silver Bow*, 2024 WL 2819335, at *7 (D. Mont. June 3, 2024) (discussing several recent awards and finding an average rate of $300/hour reasonable in a civil rights case based on varied experience of counsel).

Balancing the specialized experience and knowledge required to litigate a Hague Convention case against the specific experience of counsel here, a reasonable rate in this case is $325/hour for Cutler, $200/hour for all associates that worked on the case, and $110/hour for paralegal work.

**B.    Hours**

"The district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (cleaned up). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). The fee applicant "can meet his burden— although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher*, 214 F.3d at 1121 (cleaned up). "The party opposing the fee application has the burden of rebuttal that requires

submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates*, 987 F.2d at 1397–98.  Once again, Respondent did not challenge the amount requested.

Here, counsel for Petitioner spent a total of 458.2 hours on the case:

- Cutler:      58.2 hours
- Trahan:    327.2 hours
- Casey:      17.4 hours
- Bain:         7.4 hours
- Ford:         3.0 hours
- Fortney:   44.7 hours
- Burgie:     0.3 hours

Based on the information provided in the timesheets, the time spent on the case is generally reasonable.  However, a few specific reductions are appropriate.  First, as it relates to associates Ford and Casey, some of their involvement in the case was limited to reviewing filings and discussing them with trial counsel (3 hours for Ford, 0.7 hours for Casey).  That time is excluded.  Second, Cutler's travel time is excluded as he was aware of the location of the representation at the time he accepted the case pro bono.  It is also unreasonable that over ten percent of the total time he spent on the case was purely travel (total of 8.4 hours).  Third, Trahan

spent a significant amount of time on "stay pending appeal" issues prior to such a motion being filed (18.8 hours). Because that work was premature and was only utilized in support of a filing made at the Circuit, it is excluded here. As is the time spent on matters associated solely with appellate work (3.8 hours for Casey and 23.2 hours for Trahan).

Based on the adjusted rate amounts and adjusted hours, the lodestar baseline for this case is:

| Individual | Adjusted Rate | Adjusted Hours | Total |
|---|---|---|---|
| Cutler | $325 | 49.8 | $16,185.00 |
| Trahan | $200 | 285.2 | $57,040.00 |
| Casey | $200 | 12.9 | $2,580.00 |
| Bain | $200 | 7.4 | $1,480.00 |
| Ford | $200 | 0 | $0.00 |
| Fortney | $110 | 44.7 | $4,917.00 |
| Burgie | $110 | 0.3 | $33.00 |
| **TOTAL** | | **400.3** | **$82,235.00** |

C.  *Kerr* Adjustments

Having found a lodestar award of $82,235.00 is appropriate, the next question is whether further adjustments are warranted under the *Kerr* factors. In

8

light of the reductions identified above, no further adjustment is necessary. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) (explaining that "many" of the *Kerr* factors are "subsumed within the initial calculation of hours reasonably expended at a reasonable rate") (quoting *Hensley*, 461 U.S. at 434 n.9)). The specialized and expedited nature of Hague litigation means that attorneys are required to quickly and efficiently learn the facts of the case and prepare the matter for trial. Accordingly, for a relatively short period of time, the attorneys involved in litigation such as this may be exclusively focused on this litigation. That said, once an attorney has learned the legal framework for the Hague Convention and its implementing statutes, the legal side of such cases is not complex: the elements of a prima facie case for return are well-established and the enumerated defenses are limited. On balance then, no further adjustment is required. Indeed, in this case, the substantive question at trial was limited to whether return to Ukraine posed a grave risk to the minor child at issue.

### D. Conclusion

Based on the foregoing, Petitioner is entitled to $82,235.00 in fees.

## II. Costs

Petitioner seeks costs in the amount of $7,828.86, including:

- Clerk Fees                                    $450.00
- Service Fees                                $237.50

| | |
|---|---|
| - Transcript Fees | $913.40 |
| - Printing Fees | $141.60 |
| - Witness Fees | $40.00 |
| - Interpreters and Interpretation Services | $4,864.34 |
| - Other costs | $1,227.02 |

(Doc. 81.) With the exception of "other costs," the costs identified above are taxable under 28 U.S.C. § 1920. Petitioner is therefore entitled to recover them.

The "other costs" sought here are for the services of two Ukrainian attorneys that aided in the litigation, specifically Maria Poliak, who testified at the December evidentiary hearing, and Alexander Gubin, who helped secure Poliak's testimony. (*See* Doc. 82 at 11–12.) While recovery of such costs could be appropriate under 22 U.S.C. § 9007(b)(3), Petitioner has not supported this request with sufficient documentation. As it relates to Poliak's services, the record contains only an invoice in Ukrainian. (*See* Doc. 82-1 at 37.) As it relates to Gubin's services, there does not appear to be any record of how the $750 due to Gubin was calculated. Additionally, the amount requested in the application for taxation of costs for these services is different from that stated in Petitioner's brief. (*Compare* Doc. 82 at 11 (indicating a total of $1,210.00) *with* Doc. 81 (stating a total of $1,227.02).) In the absence of supporting documentation and in light of this inconsistency, the "other costs" sought by Petitioner are not awarded.

10

Costs are awarded in the amount of $6,601.84.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Petitioner's motion for attorney fees and costs (Doc. 82) is GRANTED in the amount of $82,235.00 in fees and the Clerk is directed to tax costs in the amount of $6,601.84.

DATED this 28th day of February, 2025.

_____
Donald W. Molloy, District Judge
United States District Court